IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT BECKER AND KATHRYN BECKER, <br> *Plaintiffs,* <br><br> v. <br><br> NATIONWIDE GENERAL INSURANCE COMPANY, <br> *Defendant.* | § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-00905 |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned Cause No. 2021-08388, *Robert Becker and Kathryn Becker v. Nationwide General Insurance Company*; In the 215th Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. This is a first-party insurance lawsuit involving Plaintiffs Robert Becker and Kathryn Becker's (hereinafter "Plaintiffs") claim under their homeowner's policy for damages relating to wind and hail damage to the Plaintiffs' residence. *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2. Plaintiffs initiated the present action by filing their Original Petition in Cause No. 2021-08388; In the 215th Judicial District of Harris County, Texas on February 10, 2021 (the "State Court Action"). Ex. A at 1.

3. Defendant appeared and answered on March 19, 2021, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

4. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

5. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit C.**

6. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 215th Judicial District Court of Harris County, Texas.

7. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   Diversity of Parties**

9. Plaintiffs are domiciled in Harris County, Texas. *See* Ex. A, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

10. Defendant is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

11. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

12. It is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Here, Plaintiffs "seek only monetary relief of $250,000.00 or less." Ex. A, ¶ 63. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiffs' Original Petition

13. Further, Plaintiffs allege that "[t]he damage to Plaintiffs' Property is currently estimated at $37,670.90." *See* Ex. A., ¶ 14. In addition to actual damages, Plaintiffs also seek consequential damages, treble damages, exemplary damages, attorney's fees; and pre- and post-judgment interest. *See* Ex. A, ¶¶ 54-63. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

14. The trebling of Plaintiffs' actual damages, alone, totals $113,012.70 without consideration of penalties, attorneys' fees, and exemplary damages. *Martinez v. Allstate Tex. Lloyd's*, No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov. 22, 2016) (denying Plaintiff's motion to remand when the trebling of Plaintiff's actual damages exceeded $75,000); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at *7 -*8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same). Therefore, the amount in controversy plainly exceeds the jurisdictional threshold.

15. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See* Ex. A, ¶¶ 54-63. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

16. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Christina E. Gutierrez
Texas Bar No. 24116467
Southern District No. 3480789
cgutierrez@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and certified mail this the 19th day of March, 2021 to:

| | |
|---|---:|
| Chad T. Wilson | ***#9414 7266 9904 2178 2231 32*** |
| Amanda J. Fulton | |
| Chad T. Wilson Law Firm PLLC | |
| 455 E Medical Center Blvd, Ste 555 | |
| Webster, Texas 77598 | |
| cwilson@cwilsonlaw.com | |
| afulton@cwilsonlaw.com | |
| eservice@cwilsonlaw.com | |

                                         */s/ Patrick M. Kemp*
                                         Patrick M. Kemp